Quentin M. Rhoades
State Bar No. 3969
**RHOADES SIEFERT & ERICKSON PLLC**
430 Ryman Street
Missoula, Montana  59802
Telephone: (406) 721-9700
Facsimile: (406) 721-5838
courtdocs@montanalawyer.com

*Pro querente*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| STEVEN CARD and PATRICIA CARD, | Cause No.: |
|---|---|
| Plaintiffs, | |
| v. | ***COMPLAINT AND JURY DEMAND*** |
| THOMAS MITCHELL**,** | |
| Defendant. | |

Plaintiffs Steve and Patricia Card (collectively "Plaintiffs"), for their Complaint against Defendant Thomas Mitchell ("Defendant"), state as follows:

## INTRODUCTION

1. This is an action for assault, battery and nuisance stemming from an ongoing dispute between adjoining neighbors. Plaintiffs seek a money judgment against Defendant as compensation for injuries done to them personally and for damage done to their rights to quiet enjoyment of their real property. Plaintiffs also seek an injunction to abate the continuing nuisance created by Defendant.

## PARTIES

2. Plaintiffs are citizens of Florida who own property and regularly reside in Lake County, Montana.

3. Defendant Thomas Mitchell is a citizen of Montana who resides in Lake County, Montana.

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Court has authority to issue an abatement injunction as requested herein by application of Montana law. See, Mont. Code Ann. § 27-30-302.

6.   Venue is proper in this district and division, by virtue of 28 U.S.C. § 1391(b), because Defendant is subject to personal jurisdiction in this judicial district and the torts at issue in this action all occurred in Lake County, Montana.

## GENERAL ALLEGATIONS

5.   Plaintiffs own property in Lake County, Montana adjacent to Defendant's property. Plaintiffs acquired the property in or about 1995. Plaintiffs began regularly staying on their property on a seasonal basis in 2019.

6.   Starting in or about March 2020, Defendant began to continually harass, bother, intimidate, and harm Plaintiffs both physically and mentally as further described herein.

7.   Upon information and belief, Defendant's displeasure stems from the fact he views Plaintiffs as "out of staters" with different political views from his own.

8.   Defendant has continued to harass, bother, intimidate, and harm Plaintiffs despite Plaintiffs' reasonable attempts to quell this dispute and act neighborly towards Defendant.

9.   Upon information and believe, Defendant has undertaken all actions, as further described herein, with actual malice.

## COUNT ONE
## (ASSAULT)

10. The preceding allegations are incorporated herein by reference.

11. Defendant, on multiple occasions over the course of 2020, has walked on and/or over the property line dividing the parties' properties while continually revving a chainsaw in the presence of Plaintiffs for hours at a time.

12. Defendant, on multiple occasions over the course of 2020, has walked on and/or over the property line dividing the parties' properties while carrying a can of pepper spray in the presence of Plaintiffs. Plaintiffs' cabin is few feet from the property line, and when Defendant carries his pepper spray in a threatening manner, he is next to Plaintiffs' windows and doors.

13. Defendant, on multiple occasions over the course of 2020, has shot a firearm the instant Plaintiffs step outside. Defendant has always rushed back inside his home after firing his weapon. Upon information and belief, Defendant purposefully waited to fire his weapon to scare and intimidate Plaintiffs.

14. Defendant, on multiple occasions in 2021, after being released from supervision by criminal justice authorities stemming from his

harassment and assault of Plaintiff Steven Card, began similar conduct as in 2020, orally harassing Plaintiffs' contract workers and placing nuisance signs along the property line.

15. Defendant's actions have frightened Plaintiff Patricia Card to such an extent that she will not go outside alone.

16. Upon information and believe, Defendant purposefully conducted himself in such a manner in order to intimidate and threaten Plaintiffs.

17. At all times described herein, Defendant had the ready and apparent ability to cause imminent harmful or offensive contact to Plaintiffs.

18. Defendant's actions caused a reasonable and imminent apprehension of harmful or offensive contact for which Plaintiffs are entitled to damages.

## COUNT TWO
## (BATTERY)

19. The preceding allegations are incorporated herein by reference.

20. On or about June 26, 2020, Defendant purposefully and intentionally pointed a can of weed killer at Plaintiff Steve Card and sprayed him in the face with chemicals on two different occasions.

21. Defendant first sprayed chemicals in Plaintiff Steve Card's face in the common driveway leading up to the parties' properties.

22. Later that same day, Defendant walked up to the property line and again sprayed chemicals in Plaintiff Steve Card's face and eyes.

23. Plaintiff Steve Card had to receive emergency medical care in order to wash his eyes out. Medical personnel informed Plaintiff Steve Card he should see an optometrist due to the damage to his eyes.

24. Defendant made an intentional contact with Plaintiff Steve Card.

25. Defendant's intentional contact was harmful, offensive, made with actual malice, and caused damages to Plaintiff Steve Card.

## COUNT THREE
## (PRIVATE NUISANCE)

26. The preceding allegations are incorporated herein by reference.

27. Defendant, on multiple instances throughout 2020, has yelled profanities and derogatory comments at Plaintiffs.

28. Defendant had repeatedly made obscene gestures towards Plaintiffs.

29. Defendant has repeatedly threatened to run Plaintiffs "out of Montana."

30. Defendant has repeatedly tried to coax Plaintiffs into arguments and fights by making outlandish acquisitions and derogatory statements about Plaintiffs' daughter.

31. Defendant's actions are indecent and offensive to the senses, and obstruct Plaintiffs' free use of their property, thereby causing damage to Plaintiffs.

## RESERVATION OF CLAIMS

Plaintiffs reserves their right to assert additional or different claims against Defendant for, without limitation, Defendant's negligence and/or for damages caused to Plaintiffs by Defendant's acts or omissions.

## REQUEST FOR RELIEF

Accordingly, Plaintiffs requests judgment in its favor and against Defendant for:

1. Compensatory damages in an amount to be proven at trial;

2. Special damages in an amount to be proven at trial;

3. An injunction of abatement against Defendant enjoining him from interfering with Plaintiffs' quiet enjoyment of their real property;

4. Punitive damages;

5. Attorney fees and cost; and

6.  Such other relief that this Court may deem just and proper.

DATED this 8th day of July 2021.

>Respectfully Submitted,
>**RHOADES SIEFERT & ERICKSON PLLC**
>
>By: _____
>Quentin M. Rhoades
>*Pro Querente*

### JURY DEMAND

A jury trial is demanded on all counts and causes of action so triable.

DATED this 8th day of July 2021.

>Respectfully Submitted,
>**RHOADES SIEFERT & ERICKSON PLLC**
>
>By: _____
>Quentin M. Rhoades
>*Pro Querente*

COMPLAINT AND DEMAND FOR JURY TRIAL